**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| LEON A. MORRIS, | : | Case No. 3:22-cv-00199 |
| | : | |
| Plaintiff, | : | |
| | : | District Judge Thomas M. Rose |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| GLOBE LIFE INSURANCE COMPANY, | : | |
| *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER AND REPORT AND RECOMMENDATIONS**

Plaintiff is an inmate in state custody who is proceeding without the assistance of counsel. By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is before the Court for a *sua sponte* review of Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). This matter is also before the Court on the following motions: Plaintiff's second Motion for Leave to Proceed *in forma pauperis* (Doc. 10); Plaintiff's Motion to Appoint Counsel (Doc. 11); Plaintiff's Motion for Default Judgment against Defendant Verlean Morris (Doc. 15); Plaintiff's Motion to Obtain Public Information and Answers (Doc. 17); Plaintiff's Motion Supplying Fact in Support of Default Judgment (Doc. 19); and Plaintiff's Motion to Amend Complaint (Doc. 26), which the Court understands to be a motion to attach exhibits to his Complaint.

The Court **GRANTS** the motion to amend (Doc. 26) to the extent that the exhibits submitted with the motion will be considered with the Complaint. *Cf. Jackson v. United States*, No. 19-cv-3560, 2019 WL 4034731, at *1 n.2 (E.D. Pa. Aug. 27, 2019). The motion to amend

1

(Doc. 26) is **DENIED** in all other respects. However, for the following reasons, the
undersigned **RECOMMENDS** that the Court **DISMISS** this action under 28 U.S.C.
§§ 1915(e)(2) and 1915A(b) for failure to state a claim upon which relief may be granted and
under Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction. The
undersigned further **RECOMMENDS** that Plaintiff's remaining motions (Docs. 10, 11, 15, 17
and 19) be **DENIED** as moot.

I.      **LEGAL STANDARDS**

        A.  **Initial Screening of the Complaint**

        In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant
whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an
economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton
v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).
To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in
forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see
also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as
frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or
law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d
1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is
immune from suit or when the plaintiff claims a violation of a legal interest which clearly does
not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations
are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at
32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are

2

"fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual

enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

### B. Review of the Complaint for Subject-Matter Jurisdiction

In addition to the §§ 1915(e)(2) and 1915A(b) review, the Court must dismiss an action if it determines at any time that the action lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Williams v. Cincy Urban Apts.,* No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (Weber, D.J.) (citing *Carlock v. Williams,* 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)). Pursuant to Federal Rule of Civil Procedure 8(a)(1), a pleading must contain "a short and plain statement of the grounds for jurisdiction." "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and 28 U.S.C. § 1332, which provides for 'diversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).

Federal-question jurisdiction exists when a plaintiff's claim "aris[es] under the federal laws or the Constitution." *Id.* A federal court has diversity jurisdiction where: 1) the amount in controversy exceeds $75,000; and 2) there is complete diversity (which means that each plaintiff is a citizen of a different state than each defendant). 28 U.S.C. § 1332(a)(1); *see also Arbaugh*, 546 U.S. at 501; *Caterpillar, Inc,* 519 U.S. at 68; *Evanston Ins. Co. v. Housing. Auth. of Somerset*, 867 F.3d 653, 656 (6th Cir. 2017) ("A federal court has [diversity] jurisdiction only if complete diversity exists, only if each of the plaintiffs comes from a different State from each of the defendants") (internal citation omitted).

## II. PLAINTIFF'S COMPLAINT

Plaintiff brings this action against Defendants for claims arising out of the distribution of his late son's life insurance policy ("the policy"). (Doc. 1-1, PageID 5-7.) In the Complaint,

Plaintiff alleges that Defendant Verlean Morris, his ex-wife, fraudulently attempted to cancel the policy. (*Id.* at PageID 6.) Plaintiff also alleges that Defendant Globe Life Insurance Company ("Globe Life") violated his constitutional rights by starting the cancellation process of the policy. Plaintiff asserts that such actions are contrary to Globe Life's rules, regulations, and policies, as well as his constitutional rights. (*Id.*) According to Plaintiff, Defendant Globe Life subsequently required him to sign a document "under serious duress," apparently so that he could receive distribution of his portion of the policy. (*Id.* at PageID 6-7.) Plaintiff asserts that Defendant Globe Life "willfully, unlawfully, with malice and forethought violated [his] constitutional rights to be free from discrimanation [sic], cruel and unusual punishment, due process, and equal protection." (*Id.* at PageID 6.) Plaintiff additionally claims that Defendants' actions caused his son's funeral to be delayed. (*Id.* at PageID 7.)

Plaintiff asserts that his claims are authorized under 42 U.S.C. § 1983 to "redress the deprivation, under color of State Law, of rights secured by the constitution of the U[nited] S[tates]." (Doc. 1-1, PageID 5.) He states that this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(A)(3). Plaintiff seeks declaratory relief under 28 U.S.C. §§ 2201 and 2202, and he seeks injunctive relief pursuant to 28 U.S.C. §§ 2283 and 2284 and Fed. R. Civ. P. 65. (Doc. 1-1, PageID 5.) Specifically, Plaintiff seeks compensatory damages of $3,000,000; "cost in lawsuit" of $100,000; and "any additional cost[s the] Court deems just, proper, [and] equitable." (*Id.* at PageID 7.) He also demands a jury trial. (*Id.*)

The Court accepts these factual allegations as true for purposes of this screen. *Twombly*, 550 U.S. at 570. Even so, Plaintiff's Complaint should be dismissed because the action is frivolous, and because this Court does not have subject matter jurisdiction.

**A.  Plaintiff's Complaint Is Frivolous under 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)**

First, Plaintiff's Complaint is frivolous under 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b). As discussed above, Plaintiff alleges that this action is authorized by 42 U.S.C. § 1983. (Doc. 1-1, PageID 5.) Plaintiff claims that the Defendants broke federal, state, and local laws and violated his constitutional rights. (Doc. 1-1, PageID 5-6.) He further asserts that the Defendants "must be held liable for all damages caused by their willful and unlawful conduct." (*Id.* at PageID 7.)

These claims lack any rational or arguable basis in fact or law. *Neitzke*, 490 U.S. at 328-29. While complaints filed by *pro se* plaintiffs should be liberally construed, the claim must still be plausible on its face. *Twombly,* 550 U.S. at 570. Plaintiff alleges that Defendant Verlean Morris "called and cancelled" the policy and that Defendant Globe Life "began the cancellation" of the policy. (Doc. 1-1, PageID 6.) However, Plaintiff does not assert that Globe Life actually cancelled the policy or that he was not paid his contractual share of the policy. (*Id.*)[1] Indeed, Plaintiff states that he signed a notarized form and that his son's funeral proceeded, albeit several

---

[1]A letter from Defendant Globe Life that Plaintiff has moved to attach as an exhibit to his Complaint states:

> The surrender check was stopped due to the fact that you, Leon Morris, Sr., as a co-Owner had not approved the surrender. The policy was then reinstated with the same terms, beneficiary, and ownership that was established at the original issue and maintained until the Insured's passing.

(Doc. 26, at PageID 113). *See* Fed. R. Civ. P. 10(c) (providing that "an exhibit to a pleading is a part of the pleading for all purposes"). *Cf. Fishman v. Williams*, No. CV 14-4823 MWF(JC), 2016 WL 11484591, at *7 (C.D. Cal. Sept. 21, 2016) ("When screening a *pro se* plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the Court may consider facts drawn from the complaint and supporting exhibits attached thereto."); *Johnson v. Buffalo Pub. Schools: Adult Educ. Div.*, No. 19-CV-1484 (JLS), 2021 WL 9455714, at *3 (W.D.N.Y. Jan. 7, 2021) ("The Court deems the attachments and exhibits attached to Johnson's Complaint part of the pleading and considers them, to the extent they are relevant, in its screening decision."). Plaintiff has also filed a document titled "Evidence of Coercion, Duress, and Economic Duress by Globe Life Insurance Company" (Doc. 25), which appears to consist primarily of copies of email and facsimile correspondence and Facebook posts. Although Plaintiff has not moved to attach the contents of this document to his Complaint, the Court has considered the submission in an abundance of caution, and it does not change the Court's analysis herein.

months after his son's death. (*Id.* at PageID 6-7). Plaintiff also alleges three million dollars in compensatory damages, but he does not assert or plead in the Complaint how much the policy was worth. (*Id.* at PageID 5-7.)

Additionally, although Plaintiff cites to several federal laws in his Complaint, the facts that Plaintiff alleges do not involve any violations of his constitutional rights. Plaintiff's Complaint instead presents a state-law claim for breach of contract or a fraud-related action. Thus, Plaintiff's civil rights claims lack any rational or arguable basis in law. Therefore, the Court should **DISMISS** Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b) because it is frivolous.

### B.  This Court Lacks Subject Matter Jurisdiction over Plaintiff's Complaint

The Court should also dismiss Plaintiff's Complaint because there is no plausible legal basis for establishing subject matter jurisdiction over this action. Plaintiff attempts to invoke federal question jurisdiction by citing to 28 U.S.C. §§ 1331 and 1343(A)(3). (Doc. 1-1, PageID 5.) Plaintiff's cause of action must be based on federal law in order for the Court to have subject-matter jurisdiction under 28 U.S.C. § 1331. But Plaintiff has not identified any claim arising under federal law or under the Constitution or treaties of the United States that is sufficient to establish subject matter jurisdiction under Section 1331.

Plaintiff's reference to 28 U.S.C. § 1343(A)(3) in support of his assertion of federal question jurisdiction is misplaced. (Doc. 1-1, PageID 5.) Section 1343(A)(3) of Title 28 of the United States Code provides original jurisdiction for federal district courts in order for a plaintiff "to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction

7

of the United States." But as discussed above, the facts alleged by Plaintiff do not involve any violations of his constitutional rights. Instead, Plaintiff's Complaint presents a state-law claim for breach of contract or a fraud-related action. For these reasons, Plaintiff has not established a federal question that gives rise to this Court's subject matter jurisdiction under 28 U.S.C. § 1331.

Although not specifically alleged, Plaintiff's claim also does not meet the requirements of diversity of citizenship under 28 U.S.C. § 1332 to establish subject matter jurisdiction. Here, Plaintiff has failed to satisfy the complete diversity requirement of 28 U.S.C. § 1332. Plaintiff admits that both he and Defendant Verlean Morris are residents of Ohio. (Doc. 1-3, PageID 9). He does not allege that Ms. Morris may be domiciled elsewhere for purposes of determining her state of citizenship. Accordingly, Plaintiff has failed to plausibly allege diversity of citizenship pursuant to 28 U.S.C. § 1332 to establish this Court's subject-matter jurisdiction.

For these reasons, the Court finds that Plaintiff's Complaint is frivolous under 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b), and that the Court lacks subject-matter jurisdiction under Fed. R. Civ. P. 12(h)(3).

## IT IS THEREFORE ORDERED THAT:

1.    Plaintiff's Motion to Amend Complaint (Doc. 26) is **GRANTED** to the extent that the exhibits submitted with the motion will be considered with the Complaint but is **DENIED** in all other respects.

## IT IS THEREFORE RECOMMENDED THAT:

1.    Plaintiff's Complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A(b), and Federal Rule of Civil Procedure 12(h)(3);

2.    The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis. See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997);

8

3.      Plaintiff's second Motion for Leave to Proceed *in forma pauperis* (Doc. 10) be **DENIED** as moot;

4.      Plaintiff's Motion to Appoint Counsel (Doc. 11) be **DENIED** as moot;

5.      Plaintiff's Motion for Default Judgment against Defendant Verlean Morris (Doc. 15) be **DENIED** as moot;

6.      Plaintiff's Motion to Obtain Public Information and Answers (Doc. 17) be **DENIED** as moot; and

7.      Plaintiff's Motion Supplying Fact in Support of Default Judgment (Doc. 19) be **DENIED** as moot.

### NOTICE OF PROCEDURE ON OBJECTIONS:

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


                                          */s/ Caroline H. Gentry*
                                          Caroline H. Gentry
                                          United States Magistrate Judge