## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | |
|---|---|
| **LEON A. MORRIS**, | : |
| Plaintiff, | : Case No. 3:22-cv-199 |
| v. | : |
| | : Judge Thomas M. Rose |
| **GLOBE LIFE INSURANCE COMPANY**, *et al.*, | : Magistrate Judge Caroline H. Gentry |
| Defendants. | : |

### ENTRY AND ORDER DENYING MOTION FOR THREE POST-JUDGEMENT UNDER FED. R. CIV. P. 60 (DOC. NO. 33)

Presently before the Court is Plaintiff Leon Morris' ("Morris") Motion for Three Post-Judgment Under Fed. R. Civ. P. 60 ("Motion"). (Doc. No. 33.) Morris argues that the Motion is supported by an investigation into the legal system that shows discrimination in the justice system. (*Id*. at PageID 149.) He further states that all he was required to do was state a claim that was facially plausible. (*Id*. at PageID 151.) Morris asks this Court for relief from judgment under Rule 60(b)(1)-(3), (6). (*Id*. at PageID 150-51.)

Rule 60(b) sets forth the criteria for determining whether relief from a federal court's judgment or order is warranted. It provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

1

Fed. R. Civ. P. 60(b). "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

Under Rule 60(b)(1), the Court may vacate a final judgment due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b)(1) "is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000)). A claim of legal error in the judgment or order falls within Rule 60(b)(1)'s definition of "mistake." *Reyes*, 307 F.3d at 456.

Under Rule 60(b)(2), a party may offer "newly discovered evidence that, with reasonable diligence, could not have been discovered in time" to support relief. Fed. R. Civ. P. 60(b)(2). "For 'a Rule 60(b)(2) motion, a movant must demonstrate (1) that it exercised due diligence in obtaining the information and (2) [that the newly discovered] evidence is material and controlling and clearly would have produced a different result if presented before the original judgment.'" *Fabian v. Tillotson*, 343 F.R.D. 55, 58 (S.D. Ohio 2022) (quoting *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998)).

Fed. R. Civ. P. 60(b)(3) permits relief in cases of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). These are situations in which an "adverse party committed a deliberate act that adversely impacted the fairness of the relevant legal proceeding [in] question." *Info-Hold, Inc.*, 538 F.3d at 455. The Sixth Circuit has defined fraud as "'the knowing misrepresentation of a material fact, or concealment of the same when there is a duty to disclose, done to induce another to act to his or

2

her detriment.'" *Salem Pointe Capital, LLC v. Rarity Bay Partners*, 854 F. App'x 688, 701 (6th Cir. 2021) (quoting *Info-Hold, Inc.*, 538 F.3d at 456).

"Rule 60(b)(6) should apply only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule and where principles of equity mandate relief." *Broach v. City of Cincinnati*, 244 F. App'x 729, 735 (6th Cir. 2007). Essentially, this exception requires "something more," and encompasses "unusual and extreme situations" that fall outside of the first five exceptions. *Tanner v. Yukins*, 776 F.3d 434, 443 (6th Cir. 2015). Before denying relief, the Court must "intensively balance numerous factors, including the competing policies of the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 529 (6th Cir. 2001) (quoting *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)).

Morris references several cases that he has pending before various courts in his Motion. With regard to this case, Morris states, in total:

> Globe Life Insurance Company et al Defendant VERLEAN MORRIS willfully, unlawfully, with malice and forethought violated Plaintiffs PROTECTED Constitutional Rights, local, city, State, and Federal laws, "Fraud", which caused PAIN and suffering upon NOT only Plaintiff but MY SONS DEAD BODY and MY FAMILY MEMBERS.

(Doc. No. 33 at PageID 153 (emphasis and errors in original).)

Morris has failed to identify any excusable mistake or judicial error that would warrant relief from judgment. Moreover, he has failed to identify any newly discovered evidence or explain why that evidence could not have been discovered earlier. He has also failed to identify any act of fraud on the part of an opposing party in this litigation and he has not shown an unusual or extreme circumstance that would warrant relief.

Moreover, Morris has simply restated the same allegations presented in his initial complaint. (*See* Doc. No. 1-1 at PageID 6.) Simply restating prior allegations is insufficient to demonstrate that a party is entitled to relief under Rule 60(b). *Johnson v. Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004) (finding that the plaintiff had failed to demonstrate that he was entitled to relief under any subsection of Rule 60(b) where the plaintiff had simply rephrased the allegations contained in the complaint); *Thome v. Lake Erie Corr. Med. Mgmt. & Training Corp.*, No. 1:11-cv-2581, 2012 U.S. Dist. LEXIS 40306, at *5-6, 2012 WL 1004756, at *2 (N.D. Ohio Mar. 23, 2012) ("A movant under Rule 60(b) fails to demonstrate entitlement to relief under any subsection when he simply rephrases his prior allegations").

For the reasons stated above, the Court **DENIES** Plaintiff Leon Morris' Motion for Three Post-Judgment Under Fed. R. Civ. P. 60.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, April 13, 2023.

                                                           s/Thomas M. Rose

                                          THOMAS M. ROSE
                                   UNITED STATES DISTRICT JUDGE